# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| MIA HOWRY, | ) |
|     Plaintiff, | ) |
| | ) No. 2:18-cv-02648-TLP-tmp |
| v. | ) |
| | ) JURY DEMAND |
| NEW LEADERS, INC., | ) |
|     Defendant. | ) |

## ORDER DENYING MOTION TO REMAND

Plaintiff moves to remand this case arguing that diversity jurisdiction under 28 U.S.C. § 1332(a) is absent because the amount in controversy does not exceed $75,000.00, exclusive of interest and costs. (ECF No. 18.) For the reasons below, the Motion is DENIED.

## BACKGROUND

Plaintiff sued originally in the Chancery Court of Shelby County, Tennessee, alleging causes of action against the Shelby County Board of Education and New Leaders, Inc. (ECF No. 1-1.) Plaintiff demanded damages over $100,000 for each cause of action brought. (*Id*. at PageID 7.) Against Defendant New Leaders, Inc. ("New Leaders"), Plaintiff asserted a cause of action for breach of contract damaging a third-party beneficiary. (*Id*. at PageID 13–14.) Plaintiff later took a voluntary non-suit against Defendant Shelby County Board of Education. (*Id*. at PageID 33.) At this point, complete diversity between Plaintiff and New Leaders[1] existed and New Leaders removed the matter to this Court because of jurisdiction conferred

---

[1] Plaintiff is domiciled in Tennessee, and New Leaders is incorporated in Massachusetts and has its principal place of business in New York. (ECF No. 1-1 at PageID 7.)

by 28 U.S.C. § 1332(a). (ECF No. 1 at PageID 1–3.)

At the scheduling conference, Plaintiff's counsel notified the Court of Plaintiff's intent to move to remand. (*See* ECF No. 20, Minute Entry.) The Court requested that Plaintiff file an Amended Complaint, reflecting the claims remaining against New Leaders, before addressing the remand motion. (*Id.*) Plaintiff filed the Amended Complaint (ECF No. 17), reasserting her breach of contract claim against New Leaders but only demanded equitable remedies. (*See id.*) Based on the remaining claims, Plaintiff argues that New Leaders cannot uphold its burden of proving that the amount in controversy exceeds the jurisdictional limit of $ 75,000.00. New Leaders argues that it has satisfied its burden because the Court must look at the amount claimed at the time of removal to determine jurisdiction. (ECF No. 23.) The Court now analyzes the propriety of New Leaders' removal.

## **LEGAL STANDARD**

To determine whether this Court has jurisdiction, the Court must look at the case at the time of removal. *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 375 (6th Cir. 2007) (citation omitted). "[S]ubsequent events, 'whether beyond the plaintiff's control or the result of his volition, do not oust the district court's jurisdiction once it has attached.'" *Id.* (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 293 (1938)). The defendant seeking removal bears the burden to prove that the court possesses jurisdiction and that removal was proper. *Id.*

Under 28 U.S.C. § 1332, district courts have original jurisdiction over civil actions between citizens of different states and where the amount in controversy exceeds $75,000.00, exclusive of interests and costs. 28 U.S.C. § 1332(a)(1). "[T]he sum demanded in good faith in the initial pleading" governs the amount in controversy when a party seeks removal based

on 28 U.S.C. § 1332(a).  28 U.S.C. § 1446(c)(2).  These standards control the Court's analysis of Plaintiff's Motion to Remand.

## ANALYSIS

Here, the question is whether the amount in controversy is over the jurisdiction threshold of $75,000.00.  Plaintiff's initial complaint demanded $100,000.00 "upon each cause of action," which included a claim against New Leaders for breach of contract damaging a third-party beneficiary.  (ECF No. 1-1 at PageID 7, 13–14.)  Thus, the amount in controversy exceeded $75,000.00 at the time of removal.  Plaintiff's new claim of damages—seeking nonmonetary relief that purportedly does not have a pecuniary value of greater than $75,000.00—does not divest the Court of jurisdiction because jurisdiction was proper at the time of removal.  As a result, this Court will maintain jurisdiction over this case.

## CONCLUSION

For the reasons stated above, Plaintiff's Motion to Remand is DENIED.

**SO ORDERED**, this 5th day of March, 2019.

    s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE