**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| MIA HOWRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 2:18-cv-02648-TLP-tmp |
| v. | ) | |
| | ) | JURY DEMAND |
| NEW LEADERS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

Defendant New Leaders, Inc. ("Defendant") moves to dismiss Plaintiff Mia Howry's

("Plaintiff") First Amended Complaint. (ECF. No 24.) The motion is now ripe. For the reasons

below, Defendant's Motion is GRANTED.

**BACKGROUND**

This case arises out of Defendant's alleged breach of a contract between Defendant and

Shelby County Board of Education ("SCBOE") in which Plaintiff was purportedly an intended

beneficiary. (*See* ECF No. 17 at PageID 63.) Plaintiff is a resident of Memphis, Shelby County,

Tennessee, and she is a tenured teacher in the Shelby County Schools. (*Id.*) Defendant is a

nonprofit organization incorporated in Massachusetts with its principal address in New York,

doing business in Tennessee. (*Id.)*

According to the Amended Complaint, Defendant and SCBOE entered into an "Aspiring

Principals and Principal Induction 2017-2018 Program Agreement." (ECF No. 17 at PageID 84.)

The agreement stipulated that Defendant would teach, mentor, train, certify, and support aspiring

school leaders in the early stages of their tenure for ensuring high academic achievement for children in the school district and developing policies and practices for school leader success. (*Id.*) Defendant promised to assist Aspiring Principals Program ("Program") participants in meeting certification requirements to work as a school leader in Shelby County, and further it pledged to endorse participants who completed its program for a principal position with Shelby County Schools. (ECF No. 17 at PageID 85.) That said, the unexecuted contract attached to Plaintiff's complaint, as well as the signed contract provided by Defendant, show that Plaintiff contracted with Defendant— not SCBOE. (ECF Nos. 17-1, 24-1.) Article V.1 of the agreement states that "[t]he Organization may, in its sole discretion, dismiss [the participant] from the Program or any part thereof for any lawful reason." (ECF No. 17 at PageID 85.)

During her two-years in the program, Plaintiff took four days off following a surgery. (*Id.*) Plaintiff alleges that Defendant singled her out, subjected her to verbal abuse, and sabotaged her work efforts when she returned. (ECF No. 17 at PageID 85.) And Plaintiff was denied an endorsement and certification after completing the program. (*Id.*) Defendant claimed it declined to endorse her because she failed to complete an assignment. (*Id.*) After Plaintiff proved she completed the assignment, Defendant still refused to endorse or certify her. (ECF No. 17 at PageID 86.) But Defendant did not give another reason for denying certification. (*Id.*) Nor did SCBOE reassign Plaintiff to a school for the 2018-2019 school year and it allegedly failed to abide by Tennessee Code Annotated §49-5-511(b)(1) and (2) by not giving her written notice of dismissal fully explaining the circumstances and conditions. (*Id.*)

Plaintiff sued under Tennessee Code Annotated §§ 29-14-101 *et seq.*, for declaratory judgment and damages arising out of alleged breach of contract between Defendant and SCBOE

in which she was an intended beneficiary.  Defendant now moves to dismiss Plaintiff's Amended Complaint.  (ECF No. 17.)

## LEGAL STANDARD

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claims showing that the pleader is entitled to relief."  To survive a motion to dismiss under Rule 12(b)(6), a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Engler v. Arnold*, 862 F.3d 571, 575 (6th Cir. 2017).

Though a court will grant a motion to dismiss if a plaintiff has no plausible claim for relief, a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff."  *DirecTV v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).  "A complaint should only be dismissed if it is clear to the court that 'no relief could be granted under any set of facts that could be proved consistent with the allegations.'"  *Herhold v. Green Tree Serv., LLC*, 608 F. App'x 328, 331 (6th Cir. 2015) (quoting *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003)).  "Dismissal of the action is proper if there is an absence of law to support the type of claim made, if the facts alleged are insufficient to state a valid claim, or if, on the face of the complaint, there is an insurmountable bar to relief."  *Doe v. Ohio*, No. 2:91-CV-464, 2012 WL 12985973, at *5 (S.D. Ohio Feb. 16, 2012) (citations omitted).  The Court now addresses Defendant's Motion applying the above standard.

## ANALYSIS

Tennessee law recognizes two kinds of third-party beneficiaries, intended and incidental. A party can only maintain an action to enforce the contract if it is an intended beneficiary. *Davidson & Jones Dev. Co., Inc. v. Elmore Dev., Inc., et. al*, 921 F.2d 1343 (6th Cir. 1991). There is a presumption that contracting parties execute a contract solely for the benefit of those contracting parties. *Moore Construction Co., Inc. v. Clarksville Department of Electricity*, 707 S.W.2d 1 (Tenn. App. 1985). To establish that Plaintiff is an intended third-party beneficiary, the record must show (1) the existence of a valid contract between the principals and (2) that the clear intent of the contract was to benefit Plaintiff. *Bricks, Inc. v. BNY Trust Co. of Missouri*, 165 F. Supp. 2d 723, 726 (W.D. Tenn. 2001).

Here Plaintiff pleads insufficient facts to show that a valid contract existed between SCBOE and Defendant, and thus she cannot state a plausible claim for relief. The court must accept all well-pled facts as true, but if a document referenced in the complaint contradicts the allegations in the complaint, the document "trumps the allegations." *See Turnage v. Oldham*, 346 F. Supp. 3d 1141, 1152 (W.D. Tenn. 2018) (citing *Williams v. CitiMortgage, Inc.*, 498 F. App'x 532, 536 (6th Cir. 2012)). Plaintiff explicitly states in her complaint that the document attached is the agreement between SCBOE and Defendant. (ECF No. 17 at PageID 84.)

Yet an examination of the purported agreement shows that the document is instead an unsigned contract intended to be between Defendant and a program participant. The language used in the document establishes that it includes an exchange of promises between the program participant—here, Plaintiff—and Defendant.[1] Defendant attached the executed contract which

---

[1] "You have been selected as a Resident ('Cohort') of the program in ('Program city') and during which you will work for a school district, charter school, or charter management organization"

establishes that Plaintiff, and not SCBOE, is the contracting party.  (ECF No. 24-2); *see Weiner*

*v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997) (stating that a court may consider exhibits

submitted by the defendant when they were properly incorporated by reference).  Thus, Plaintiff

is a principal to the contract rather than a third-party beneficiary.  Plaintiff's complaint cannot

survive the motion to dismiss because the executed contract patently contradicts her third-party

beneficiary claim.

Since Plaintiff's complaint lacks a necessary element of a third-party beneficiary claim, it

does not make it across "the line from conceivable to plausible" and thus fails.  *See Iqbal*, 566

U.S. at 680.  This Court will not address the remaining elements because it dismisses the case on

these grounds.

## <u>CONCLUSION</u>

For these reasons, the Court GRANTS Defendant's Motion to Dismiss the Amended

Complaint.

**SO ORDERED**, this 12th day of August, 2019.

s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE

---

(ECF No. 17-1 at PageID 90), and "You are required to spend the 2017-2018 academic year
('Residency') working as an administrator in an urban public school district."  (*Id*. at PageID 92.)